IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROSENDO RODRIGUEZ, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 5:13-CV-233-C |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On October 10, 2013, **Rosendo Rodriguez, III,** ("Rodriquez") filed a motion for appointment of counsel (Motion, Doc. No. 1), but has not paid the filing fee or tendered a motion to proceed *in forma pauperis* ("IFP"). For the reasons set out below, the motion is conditionally granted in part and denied in part, and counsel are directed to follow the briefing schedule set out in this order.

I

Rodriguez was convicted of capital murder and sentenced to death in March of 2008. *See Rodriguez v. State*, AP-75,901, 2011 WL 1196871 (Tex. Crim. App.), *cert. denied*, 132 S. Ct. 814 (2011). During that time, state law required the application for postconviction habeas corpus relief to be filed in the state court while the direct appeal remained pending. *See* TEX. CRIM. PROC. CODE ANN. art. 11.071, sec. 4 (West 2010). If this was followed, Rodriguez would have one year from May 8, 2013, the date that the state court denied habeas relief, to file his federal petition for writ of

habeas corpus. *See Ex Parte Rodriguez*, WR-78,127-01, 2013 WL 1920737 (Tex. Crim. App. May 8, 2013); 28 U.S.C.A. § 2244(d) (West 1996).

Attorneys Paul E. Mansur and Alma Lagarda were appointed to represent Rodriguez in state habeas proceedings. (Mot. at 2). State law required them to file a motion for appointment of federal habeas counsel within 15 days of the date that the state court denied postconviction habeas relief. *See* TEX. CRIM. PROC. CODE ANN. art. 11.071, sec. 2(e) (West 2010). They did not file the motion until October 10, 2013. This delay has deprived any new counsel appointed in these proceedings of more than five months to prepare and file the federal habeas petition. Additionally, the motion for appointment of federal counsel was not accompanied by a filing fee or motion to proceed IFP.

II

The motion states that Rodriguez is indigent and had counsel appointed to represent him in the state court proceedings. Therefore, Rodriguez will be entitled to the appointment of counsel in these proceedings by the provisions of 18 U.S.C. § 3599(a)(2) when he pays the $5 fee or shows his entitlement to proceed IFP.[1] *See McFarland v. Scott*, 512 U.S. 849, 855-58 (1994). Although Rodriguez has not satisfied this requirement, a conditional appointment would serve the interest of justice better than a further delay. Therefore, the appointment of federal habeas counsel is made conditional upon the satisfaction of the filing fee requirement.

State habeas counsel's motion requests the appointment of "auxiliary counsel to determine the threshold question of whether any conflict of interest would prevent undersigned state habeas counsel from continuing to represent Mr. Rodriguez in federal court." (Mot. at 1-2.) The motion

---

[1]In order to obtain IFP status in a postconviction habeas corpus proceeding, a prisoner must show that his inmate trust account and other resources do not exceed $50.00. *See* Misc. Order 13 at ¶ 9 (N.D.Tex. Feb. 1, 1977).

2

indicates that Rodriguez desires that state habeas counsel continue representing him in these federal proceedings, and proffers this unusual procedure as a means of resolving any potential conflict of interest that may be created by *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). The potential conflict, however, could reach beyond the exception to procedural bar created in *Martinez*. *See, e.g., Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); *Maples v. Thomas*, 132 S. Ct. 912 (2012) (state habeas attorney's conduct as constituting cause within prior exception to procedural default); Eve Brensike Primus, *Effective Trial Counsel After Martinez v. Ryan: Focusing on the Adequacy of State Procedures*, 122 Yale L.J. 2604, 2620 (2013) (noting trend in review of state habeas procedures). Therefore, the unusual procedure for the appointment of auxiliary counsel is not necessary or helpful, especially when the Court may appoint counsel unencumbered by this potential conflict of interest.

The Court finds that attorney **Seth Kretzer** possesses the background, knowledge, and experience to represent Rodriguez with due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation, and that the said attorney is qualified and willing to accept this appointment as lead counsel. The Court further finds that **Carlo D'Angelo** is qualified and willing to accept appointment as co-counsel to assist lead counsel in these proceedings. Neither of these counsel appears to have represented Rodriguez in any prior proceedings, and both appear to be unencumbered by any potential conflict of interest.

The Court further finds that it is in the interest of justice to set forth a schedule for the filing of the petition and management of this death penalty case under Rules 3-5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and Rule 16(b) of the Federal Rules of Civil Procedure.

III

Rodriguez's motion for appointment of counsel (Doc. No. 1) is conditionally **GRANTED IN PART**, and **DENIED IN PART**, as follows.

1. The Court **DENIES** the request to appoint auxiliary counsel to allow state habeas counsel to represent Rodriguez in these proceedings.

2. Attorney **Seth Kretzer** is **APPOINTED** as lead counsel to represent Rodriguez in this cause, and **Carlo D'Angelo** is **APPOINTED** as co-counsel to assist lead counsel; provided, however, that Rodriguez shall satisfy the filing-fee requirement within **30 days** of the date of this order or this proceeding shall be terminated and the appointment of counsel herein rendered null and void.

3. Prior counsel **Paul E. Mansur** is hereby **TERMINATED** as an attorney of record for Rodriguez, subject to turning over his paper and electronic files to federal habeas counsel appointed in these proceedings.  The Clerk is directed to cancel further ECF notifications to Mr. Mansur.

4. Counsel for Rodriguez shall contact respondent William Stephens through the Attorney General of the State of Texas within **10 days** of the date of this order to inform Respondent of the contents of this order.

5. Respondent shall file the **state court record** within **60 days** of the date of this order in an electronic format appropriate for inclusion on the docket of this Court.

6. Rodriguez shall file his original **petition** for a writ of habeas corpus ("Petition") in the form required by local rules prior to the end of the limitations period set forth in 28 U.S.C. § 2244(d).

7. Respondent shall file his **answer** ("Answer") to the Petition within **60 days** of the date that the Petition is filed.

8. Rodriguez shall file a **reply** ("Reply") to Respondent's answer within **30 days** of the date the Answer is filed.  No new grounds may be raised in the reply.

9. This case is set for **hearing** in the United States District Court at Lubbock, Texas, on the 18th day of November, 2014, at 9:00 o'clock a.m.  The following instructions pertain to this hearing.

a.  The parties will be prepared to present arguments at this hearing.  No live witnesses shall be presented at this hearing without leave of court.

b.  Any motions for leave to call a witness or motions for writs of habeas corpus ad testificandum must be filed at least **75 days** prior to the date of this hearing and must set forth the names, addresses, and a brief summary of the expected testimony of each witness.

c.  Responses to motions for leave or motions for writs of habeas corpus ad testificandum must be filed within **14 days** of the date that the motion was filed.

d.  Counsel shall file their proposed findings of fact and conclusions of law at least **30 days** prior to the date of the hearing.

IV

The Court further instructs as follows.

1. *Attorney Timekeeping System*.  The Clerk of Court shall provide a copy of this order to appointed counsel at the following addresses:

LEAD COUNSEL      **Seth Kretzer**
                  The Lyric Center
                  440 Louisiana Street, Suite 200
                  Houston, TX 77002
                  PHONE (713) 775-3050

5

FAX (713) 224-2815
EMAIL: seth@kretzerfirm.com

CO-COUNSEL          **Carlo D'Angelo**
100 East Ferguson Street
Tyler, TX 75702
PHONE (903) 595-6776
FAX (903) 407-4119
EMAIL: carlo@dangelolegal.com

Counsel are instructed to use the Court's Attorney Timekeeping System (ATS) to prepare vouchers for payment. The ATS may be accessed through the Court's website. *See* http://www.txnd.uscourts.gov/attorneyinfo/cjabook.html.

2. *Payments.* Subject to the satisfaction of the filing-fee requirement, appointed counsel are entitled to compensation (currently not to exceed $163.00 per hour) in accordance with Volume VII, Part A, Chapter 6, of the *Guide to Judiciary Policy*, which counsel are directed to read along with the instructions for forms CJA 30 and CJA 31, the Criminal Justice Act (CJA) plan adopted by this district, and the presumptive limits contained in the *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases* by the Judicial Council of the Fifth Circuit, in order to ensure proper compensation for time and expenses incurred herein. "An appointed counsel may not claim compensation for services furnished by a partner or associate, or counsel who is not a partner or associate, without prior authorization by the court." *See* Misc. Order 3 at VIII(B) (N.D.Tex. Sep. 15, 2000). Travel expenses should be approved in advance and are subject to the same limitations on reimbursement as for federal judicial employees. Reimbursement of expenses related to the use of paralegals, law clerks, experts, and investigators must be made on a CJA Form 31, and not listed as expenses on a CJA Form 30. Counsel shall be entitled to interim payments for

6

services rendered in this cause, but are instructed to simultaneously submit complete vouchers from all attorneys performing services during the time period for which such compensation is requested.

3. ***Requests for Funding***.  The law presumes that any requests for funding ancillary service providers will be made in the public record.  *See* 18 U.S.C. § 3599(f).  To the extent Rodriguez seeks to proceed *ex parte* on such requests, he shall serve Respondent with a motion seeking leave to do so, which shall include a case-specific statement of the need for confidentiality regarding any matters sought to be considered *ex parte*.  The motion for leave should include (1) the type of services needed, (2) the issue or topic for which the services are necessary, (3) an estimate of the total amount of fees and expenses requested, (4) the amount of funding on the issue or topic previously provided at trial, in state habeas proceedings, and from any other source, along with (a) a general description of how the money was spent, and (b) an explanation of why previous funding was insufficient, and (5) all other nonprivileged information relevant to the request for funding.  Rodriguez must show a specific need for confidentiality in any undisclosed matters instead of asserting a blanket attorney-client or work-product privilege.  Without revealing information itself privileged, Rodriguez must provide enough information to Respondent to (1) enable him to test the merits of the privilege claim, and (2) provide him a meaningful opportunity to supply any relevant information to the Court regarding whether the requested services are necessary.

Simultaneously with the motion for leave, Rodriguez may file *ex parte* and under seal his application for authorization for funding of the investigator or expert, including the specific identity and qualifications of the investigator or expert sought and a detailed estimate of the projected time, hours, and expenses to be incurred.  Rodriguez must provide factual support for the funding request, including any pertinent state court records and all prior funding records regarding the same issues,

but may only exclude privileged records from those served on Respondent. If the Court denies leave to proceed *ex parte*, it will allow Rodriguez to either withdraw the filing or allow it to be disclosed to Respondent.

In the response to the motion for leave to proceed *ex parte*, Respondent may oppose both leave to proceed *ex parte* and the funding that is sought. Respondent should provide all pertinent state court records not already filed or produced by any party prior to that time, including any available records of payments for prior investigations, attorney, or expert services regarding the same issues.

Counsel for Rodriguez are advised to make proper disclosures in any *ex parte* proceeding of information that may be adverse to the client's position, which the lawyer reasonably believes the Court must know to make an informed decision.[2] *See In re Thomas*, 337 B.R. 879, 894 (Bankr. S.D. Tex. 2006). Any information that should not be revealed publicly, even though not rising to the level of confidentiality warranting its consideration *ex parte*, may be filed under seal and otherwise properly disclosed to the opposing party.[3]

4. ***Petition***. The petition for a writ of habeas corpus ("Petition") shall comply with Rules 2 and 3 of the Habeas Rules. It must set forth all the grounds for relief which are available to Rodriguez under the Constitution, laws or treaties of the United States, set forth the facts supporting

---

[2]"A lawyer shall not knowingly . . . in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision." Tex. Disciplinary Rules Prof'l Conduct, R. 3.03. "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Model Rules of Prof'l Conduct R. 3.3(d).

[3]Regarding court filings, the term "ex parte" refers to those that are "made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." Black's Law Dictionary 657 (9th ed. 2009). The term "seal" refers to a "fastening that must be broken before access can be obtained." *Id.*, at 1466.

each of the grounds thus specified, and state the relief requested. Rodriguez may include his legal arguments in the Petition, or may file a supporting brief setting forth those arguments simultaneously with the Petition. Rodriguez shall serve a copy of the Petition on the Respondent.

5. ***Answer***. Respondent's answer ("Answer") must comply with Rule 5 of the Habeas Rules. In it, Respondent shall restate each point raised in the Petition and shall set forth a specific response to each individual point seriatim. The Answer shall be a comprehensive responsive pleading, addressing both the factual and legal allegations raised in the Petition as well as asserting defenses. Accordingly, Respondent shall address the merits of every claim included in the Petition, regardless of whether Respondent alleges that a claim is barred from review by the federal court. Respondent's arguments concerning factual development should be included in the Answer as well as in the response to any motion for evidentiary development filed by Rodriguez.

Respondent shall state whether Rodriguez has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in the Petition. If Respondent denies that Rodriguez has exhausted available state remedies with regard to any ground for federal habeas relief asserted, Respondent shall explain, in detail, those state remedies still available to Rodriguez with regard to each unexhausted claim.

If Respondent contends that any ground for federal habeas corpus relief is procedurally barred, he shall set forth the state procedural requirement that was violated and identify any state court records showing whether the state court denied relief due to the procedural violation. Respondent shall fully address any exception to any procedural bar asserted.

6. ***Reply***. In accordance with Rule 5(e) of the Habeas Rules, Rodriguez may file a reply ("Reply") to the Answer that shall respond to Respondent's allegations regarding defenses and the

merits of each claim.  In the Reply, Rodriguez may raise new arguments concerning availability of state remedies, exceptions to procedural bar, and/or equitable tolling in response to any allegations by Respondent of procedural or timeliness bars.  The Reply shall not, however, be used to raise new claims or state new material facts in support of existing claims.

7.  ***Discovery***.  No formal discovery shall be conducted by the parties unless ordered by the Court in accordance with Rule 6 of the Habeas Rules.  The parties are expected to cooperate with each other in clarifying the issues and exchanging information informally.

8.  ***State Court Record***.  Respondent is directed to file the state court record in accordance with Rule 5 of the Habeas Rules.  Both parties, however, are responsible to ensure that a complete record is made available to this Court.  Any deficiency in the record must be called to the attention of the Court by appropriate motion prior to the time that the Court is called upon to decide any issue involving that portion of the record.  Citation to the record shall be in accordance with the way it is made available to the Court.

9.  ***Extensions***.   Any party seeking to extend any deadline set out in this order shall file a motion setting forth good cause before the expiration of the deadline sought to be extended.[4]

10.  ***Conduct of Counsel***.  Counsel must strictly comply with the mandates set forth in *Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).  Counsel are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and

---

[4] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Delay Reduction Plan of the Northern District of Texas, and the Local Rules of this Court. The Court

will consider appropriate sanctions against any attorney who fails to follow these rules and mandates.

**SO ORDERED.**

DATED:  October 28, 2013.


SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

11